# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

James Brown,

       Petitioner,

v.

Ricardo Rios,

       Respondent.

Civil No. 08-4732 (DWF/JJG)

**REPORT
AND
RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes to the undersigned on a petition for a writ of habeas corpus (Doc. No. 1). Petitioner James Brown, currently incarcerated at the federal prison in Waseca, is proceeding pro se. Respondent Ricardo Rios, the warden at the Waseca prison, is represented by David P. Steinkamp, Assistant U.S. Attorney. Mr. Brown (Brown) principally alleges that, after prison officials sanctioned him for possession of contraband, they violated due process by increasing the sanction without further hearing. The petition is referred for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a).

## A.    BACKGROUND

While Brown was imprisoned at the federal prison camp in Duluth, on November 22, 2007, prison officials searched Brown's cell and possessions. Inside a radio belonging to Brown, the officials found a SIM card for a mobile telephone, along with an activation code for the card. (Exh. 1.)[1]

---

[1]    Exhibits are cited in an appendix at the end of this report and recommendation.

As a result, Brown was charged with a disciplinary violation, disruptive conduct based on possession of a hazardous tool.  A disciplinary hearing was held on December 3, 2007.  At the hearing, Brown admitted the charge and the hearing officer imposed sanctions.  (Exh. 2.)

The parties do not agree about what sanctions were imposed, and this dispute is the key question here.  Brown contends that the only sanction affecting the duration of imprisonment was the loss of 41 days' vested good time credit.  The Warden counters that, in addition to the loss of vested good time credit, the hearing officer took away another 140 days' nonvested good time credit.

After the disciplinary hearing, the hearing officer issued a report on December 5, 2007.  It only mentions the 41 days' vested good time credit.  (Exh. 2 at 3.)  But a prison database shows that, as of December 6, 2007, the sanctions included both the 41 days' vested good time and the 140 days' nonvested good time.  (Exh. 3.)

Brown appealed the outcome of the disciplinary proceedings.  As Brown was evidently unaware of the 140 days' nonvested good time, he did not mention the issue, instead arguing that possession of the SIM card was not a sanctionable offense.  Brown exhausted all administrative appeals on this issue, including an appeal to the Central Office of the federal Bureau of Prisons, but prison officials consistently denied him relief.  (*See* Exhs. 4, 5.)

In June 2008, prison officials discovered the discrepancy between the December 5 report and the prison database.  In an e-mail to another official on June 24, 2008, the hearing officer advised the December 5 report contained a clerical error, and that Brown was also sanctioned for 140 days' loss of nonvested good time.  (Exh. 6.)

Around that time, the hearing officer prepared an amended report.  Aside from noting the 140 days' nonvested good time, it mostly the same as the prior December 5 report.  The only other significant difference was a caption that states,

> Amended to correct administrative errors in report.  This amendment does not restart the inmate's appeal process.  This amendment is made to ensure that the inmate has a . . . report that accurately reflects the sanctions issued during the hearing.

(Exh. 7.)

Notwithstanding this caption, Brown attempted to renew the appeals process.  He initially filed a grievance to the Warden, challenging the amended report and the loss of nonvested time, on June 18, 2008.  (Exh. 8 at 6.)  Before the Warden responded, Brown filed his current petition for a writ of habeas corpus.  The Warden has since denied the grievance, and Brown has pursued other administrative appeals, but the record does not show the outcome of these appeals.  (Exh. 8 at 6; Exh. 9.)

**B.**      **DISCUSSION**

**1.**      **Exhaustion**

The Warden initially argues that Brown has not sufficiently exhausted his administrative remedies, and therefore, his petition must be dismissed.

Where a federal prisoner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, as here, courts usually require the prisoner to exhaust all administrative remedies before reaching the petition on its merits.  This rule is judicially created, and it is driven by prudential concerns such as efficiency and respect for prison administration.  *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007); *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004) (discussing the purposes served by the doctrine of exhaustion); *Moscato v. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996) (same).

Because this rule of exhaustion is judicially created, it does not affect the jurisdiction of the court. *Lueth*, 498 F.3d at 797 n. 3. As a result, a court has discretion to reach the merits even though the prisoner has not properly exhausted administrative remedies.

This Court will assume, for the sake of argument, that Brown may not have exhausted his administrative remedies. But when the hearing officer issued the amended report, it stated that Brown had no right to appeal. Through this statement, Brown may have been misled about his obligation to exhaust. With due respect for prison administration, it is unfair to require Brown to exhaust under these circumstances. This Court concludes, therefore, that the petition should be considered on its merits.[2]

### 2.     Due Process

Brown chiefly argues that, when the hearing officer amended the report and added 140 days' nonvested good time to the sanction, due process was violated. This argument is founded on Brown's contention that, when he was originally disciplined, the sanction did not include the any loss of nonvested good time.

The record, however, does not support this position. The hearing officer contends that, at the December 3 hearing, Brown was advised about both the vested and nonvested time. (Exh. 10.) This claim is corroborated by the fact that, in a database report generated three days later, the sanction included both the vested and nonvested time. (Exh. 3.) As a result, this Court finds that the omission of nonvested time from the December 5 report was a clerical error, and that the amended report accurately reflects the sanctions actually imposed at the December 3 hearing.

---

[2]     Brown argues that, because exhaustion would be futile, his purported failure to exhaust is excused. Because this particular exhaustion rule applies to state prisoners, not federal prisoners, it does not disturb the analysis here. *See Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (describing exhaustion requirements for state prisoners seeking federal habeas relief).

The issue then becomes whether any of these procedural errors amount to a violation of due process.  Due process generally requires, in prison disciplinary proceedings, that the prisoner receive at least twenty-four hours' advance notice of the charges; that the prisoner be allowed to present evidence in his defense; that the prisoner receive a written report that states the cause for sanctions; and that the decisionmaker be unbiased.  *See generally Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

The clerical error by the hearing officer does not implicate any of these standards, and so that error is not enough to establish a violation of due process.  Brown is not entitled to any relief on this basis.

The parties mention a few other issues that, though not squarely presented in the petition, merit some brief discussion here.  Reviving his prior grievance, Brown argues that possession of a SIM card is not enough to establish a violation of prison rules.

To satisfy due process, it is enough for the findings of the hearing officer to be supported by "some evidence."  Under this standard, a reviewing court need not weigh any of the evidence that was before the hearing officer.  There need only be enough evidentiary support to show that the findings of the hearing officer were not arbitrary.  *Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002); *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

The hearing officer here found that the SIM card, if used with a mobile telephone, could allow Brown to engage in unmonitored calls with others outside of prison.  Through these calls, Brown could engage in dangerous and prohibited conduct, including plans to escape or smuggle contraband.  Such findings offer more than some evidence that Brown was disrupting the orderly operation of the prison, and therefore, the findings comport with due process.

Brown elsewhere implies that his offense did not justify the loss of nonvested good time. But prison officials have discretion to impose sanctions, and unless those sanctions are arbitrary or unreasonable, they must be upheld. *Glouser v. Parratt*, 605 F.2d 419, 420 (8th Cir. 1979) (per curiam). Given the severity of Brown's offense, and the potential threat to prison security posed by the SIM card, this Court finds that the sanctions were reasonable and should not be disturbed.

**3.      Other Issues**

Brown further argues that, when the hearing officer modified the sanctions, it violated the Ex Post Facto Clause. This clause, from Article I, Section 9 of the U.S. Constitution, prohibits a law from increasing the punishment for conduct occurring before the law was enacted. *Burr v. Snider*, 234 F.3d 1052, 1053 (8th Cir. 2000).

When prison officials are exercising disciplinary authority, no law or regulation is being enacted, and so the Ex Post Facto Clause does not apply. *Westefer v. Snyder*, 422 F.3d 570, 576 (7th Cir. 2005). As this litigation only involves how prison officials exercised their disciplinary authority, and not the creation or modification of laws or regulations, the Ex Post Facto Clause is inapposite here.

In another argument, Brown asserts that the disciplinary sanctions are an unconstitutional bill of attainder. Such a bill occurs where Congress, through legislation, imposes punishments upon a particular person or group without trial. *United States v. Van Horn*, 798 F.2d 1166, 1168 (8th Cir. 1986). As with the issue under the Ex Post Facto Clause, this argument simply cannot be applied to disciplinary proceedings, and it is without merit.

In papers other than his petition, Brown identifies several extra issues. In particular, with a reply filed on December 28, 2008, Brown outlines thirty-eight issues that he wants considered. Although a pro se habeas petition should be liberally construed, a court need not recognize issues

that are not articulated in the petition.  *Miller v. Kemna*, 207 F.3d 1096, 1097 (8th Cir. 2000) (per

curiam).  Aside from the issues discussed beforehand, if there are other issues that Brown raised

in his papers but not in his original petition, this Court declines to address them.

**C.     CONCLUSION**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT:**

1.     Brown's petition for a writ of habeas corpus (Doc. No. 1) be **DENIED.**

2.     This litigation be dismissed in its entirety and judgment entered.

Dated this 12th day of March, 2009.

                                        s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **MARCH 26, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.

**APPENDIX**

| | |
|---|---|
| Exh. 1 | Report of K. Weisinger, Nov. 22, 2007 (Decl. of A. Buege, Sept. 4, 2008, Exh. B) [Doc. No. 9]. |
| Exh. 2 | Report of E. Alexander, Dec. 5, 2007 (Decl. of A. Buege, Sept. 4, 2008, Exh. D) [Doc. No. 9]. |
| Exh. 3 | Report, Dec. 6, 2007 (Pet. of J. Brown, July 18, 2008, Exh. C) [Doc. No. 1]. |
| Exh. 4 | Decision of H. Watts, May 7, 2008 (Resp. of J. Brown, Dec. 29, 2008, Exh.) [Doc. No. 14]. |

Exh. 5        Decision of M. Nalley, Mar. 17, 2008 (Resp. of J. Brown, Dec. 29, 2008, Exh.) [Doc. No. 14].

Exh. 6        E-Mail of E. Alexander, June 24, 2008 (Decl. of A. Buege, Sept. 4, 2008, Exh. F) [Doc. No. 9].

Exh. 7        Amended Report of E. Alexander, June 23, 2008 (Decl. of A. Buege, Sept. 4, 2008, Exh. G) [Doc. No. 9].

Exh. 8        Decl. of A. Buege, Sept. 4, 2008 [Doc. No. 9].

Exh. 9        Resp. of R. Rios, July 22, 2008 (Decl. of A. Beuge, Sept. 4, 2008, Exh. H) [Doc. No. 9].

Exh. 10       Decl. of E. Alexander, Aug. 26, 2008 [Doc. No. 8].